**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TROY DAMIANO** | : | **No. 07-153** |

**MEMORANDUM**

PRATTER, J.                                                                                    DECEMBER 10, 2020

Troy Damiano moves to terminate the imposed term of supervised release. This is Mr. Damiano's second such motion. The Government opposes Mr. Damiano's *pro se* motion for failure to explain why he is unduly harmed by serving the full sentence. Mr. Damiano also moves for an "uncontested order," which the Government opposes. For the reasons that follow, the Court denies both of Mr. Damiano's motions.

**BACKGROUND AND PROCEDURAL HISTORY**

In 2007, Mr. Damiano pled guilty to one count of conspiracy to possess and distribute heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The convictions stemmed from a drug trafficking scheme, in which Mr. Damiano enlisted a 66-year old live-in caretaker for an elderly Alzheimer's patient to accept a delivery of heroin trafficked from Colombia. Homeland Security Investigation agents intercepted the package in Florida and determined that the addressee was fictitious. Law enforcement agents performed a controlled delivery of the package to the caretaker's address before executing a search warrant of the address. Agents then directed the caretaker to notify Mr. Damiano that the package had been delivered. Mr. Damiano was surveilled arriving at the address and later opening the door to leave with the package. After seeing law enforcement agents

1

outside the house, Mr. Damiano attempted to flee but was arrested by a detective conducting surveillance inside the house.

He was sentenced to 46 months in prison, to be followed by a six-year term of supervised release.  At the time, Mr. Damiano had two prior felony convictions for conspiracy to distribute cocaine and for a "crime of violence," which resulted in a criminal history category VI.  Doc. No. 17.  He also had multiple prior state-law convictions, two for stalking and four for gambling-related offenses.  Doc. No. 30-2.  The federal sentence ran consecutive to his 7-14-year state law sentence for drug trafficking, reckless endangerment, and fleeing from a police officer.

Mr. Damiano was released from federal custody to a half-way house in September 2014.  He began his term of supervised release on September 1, 2015.  Mr. Damiano filed his first motion for early termination in April 2019.  Doc. No. 23.  The Court denied this motion, Doc. No. 25, because the motion did not suggest that such relief was warranted.

With roughly nine months left on his term of supervised release, Mr. Damiano again moves for early termination.  Doc. No. 26.  He also moves for an "uncontested order" for the same relief on the grounds that the Government did not timely respond to his motion.  Doc. No. 28.

## STANDARD OF REVIEW

District courts may grant early termination of supervised release only when such relief is appropriate based on the defendant's conduct and is in the interests of justice.  18 U.S.C. § 3583(e)(1).  Section 3583(e) directs the court to first consider the sentencing factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants

2

with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

The court need not make specific findings of fact for each § 3553(a) factor. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Rather, a statement that the court has considered the statutory factors is sufficient. *Id.* When determining whether to terminate the sentence early, courts "enjoy discretion to consider a wide range of circumstances." *Id.*

The Third Circuit Court of Appeals recently clarified that a district court need not find "exceptional, extraordinary, new, or unforeseen circumstances" to grant a motion to terminate. *Id.* at 53.[1] So, extraordinary circumstances, although sufficient to justify early termination, are not necessary for such relief. But the appellate court noted that "*generally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.*

## DISCUSSION

The Court denies Mr. Damiano's motion. Mr. Damiano does not provide any particularized reason for seeking early termination. Nor does he identify a hardship or restriction posed by the terms of his supervision that is so onerous he cannot suitably complete the remaining nine months of supervision.

Based on the information presented in his two motions, Mr. Damiano has been law-abiding since his release from incarceration. The Court certainly commends Mr. Damiano's efforts for his rehabilitation, including completing a year-long substance abuse recovery program and

---

[1]     The Government initially relied on the Third Circuit's non-precedential opinion in *United States v. Laine*, 404 F. App'x 571 (3d Cir. 2010). *Laine* held that early termination of supervised release "should generally occur *only* when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *Id.* at 573-74 (emphasis added). Two weeks after the filing of the Government's response in opposition to Mr. Damiano's motion, *Melvin* abrogated *Laine*. The Government filed a surreply addressing the impact of *Melvin* on the motion. Doc. No. 33.

maintaining his sobriety.  It is also commendable that Mr. Damiano is working to establish himself professionally and has built a strong support system with his family and through his laudatory volunteer efforts.  And Mr. Damiano has not violated the terms of his release.

But basic compliance with the terms of supervised release generally is not enough to warrant termination of supervised release.  It is the expectation.  Indeed, if the fact of a period of compliance is enough to terminate supervised release, the exception would swallow the rule.

The Court is not persuaded that the terms of supervision here are so harsh or not tailored to effectuate the twin goals of punishment and rehabilitation.  Mr. Damiano's criminal conduct warranted a significant term of supervised release.  He manipulated an elderly caretaker in need of money to smuggle heroin from abroad.  At the time of sentencing, he was already serving a 7-to-14-year sentence for a controlled substance felony offense.  The Court remains convinced that the imposed sentence, including supervision, is sufficient but not greater than necessary to achieve the sentencing goals set forth in § 3553(a).  Indeed, it appears that supervision is facilitating, at least in part, Mr. Damiano's success.

Mr. Damiano contends that continued supervision presents more risk to the public given the COVID-19 pandemic and the need to socially distance.  The Court certainly does not minimize the critical health risk posed by COVID-19 but is unpersuaded by this argument.  The Court is confident that both Mr. Damiano and his probation officer can abide by guidance issued by the Centers for Disease Control and Prevention (CDC).  Here, there is no evidence that Mr. Damiano suffers from a condition that is considered by the CDC to put him at an increased risk for severe

illness at all, much less than a condition that could somehow put him at risk in the context of supervision.[2]

Finally, despite Mr. Damiano's claim that he can lawfully self-manage, the Court is constrained to point out that he has failed to pay the required fees in his state-court drug trafficking case. Although such payments are not part of his federal sentence, the failure to comply with these other legal financial requirements signals to the Court that continued supervision is warranted.

After reviewing the factors set forth in 18 U.S.C. § 3583(e)(1) for early termination of supervised release and the factors in 18 U.S.C. § 3553(a), the Court finds that early termination is not appropriate here.

The Court will also deny Mr. Damiano's motion for an "uncontested order" seeking early termination. This motion is based solely on the grounds that the Government did not timely respond to his second motion for early termination. The Government has represented that it did not receive Mr. Damiano's motion and instead only learned about it after being contacted by the Court. The Government filed its response in opposition within a day of receiving word of the motion. The motion for an early termination order thus was not "uncontested," so the Court will not grant the requested relief on this basis.

Moreover, regardless of whether the motion was contested or not, whether to terminate supervised release early rests soundly within the discretion of the Court. There is no such thing as "default judgment" to terminate sentencing.[3] For the reasons already stated, the Court finds that Mr. Damiano will remain on supervised release.

---

[2]     *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Dec. 1, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 10, 2020).

[3]     Mr. Damiano urges this Court to grant his relief based on Local Civil Rule 7.1(c). But that rule merely notes that "a motion may be granted as uncontested" in the absence of a timely response. Nowhere

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Mr. Damiano's motions and

enters the accompanying Order.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

does the rule compel a court to grant a motion simply because it is unopposed. The Court's duties are not merely clerical; they are substantive.